WIGGINS, Justice
(concurring specially)-
I write to concur specially. I agree with the majority on its analysis of the law of the case issue. I also agree with the outcome; however, I disagree with the majority’s analysis of Iowa Code section 147.135(2) (2009). The legislature chose to use the term “privileged and confidential” to restrict the use of peer review records. The legislature not only used this term in section 147.135(2), but also in at least fifteen other statutes. See, e.g., Iowa Code §§ 2.32(10), 35B.10, 80A.17(1), 124.553(3), 155A.39(4), 252.25, 455B.484A(2), 507.14(1), 508E.7(5)(c), 508E.15(7)(c), 521E.8(1), 521F.9(1), 522B.ll(6)(a), 542.7(10), 542.8(19).
The majority analyzes this case under terms of common law privilege and waiver. I do not think the majority’s analysis is correct. The legislature did not intend to use the words “privileged and confidential” to refer to the law of privilege, waiver, or confidential communications. My review of the statutes incorporating the same language as section 147.135(2) leads me to conclude that, when the legislature uses this language, it is not referring to privilege, waiver, or confidential communications law. Rather, by the use of this language, the legislature intended that these statutes make the protected material unavailable to any person and that no party or court can waive the protection afforded in these statutes. Therefore, the majori *293 ty’s attempt to use the law of privilege, waiver, or confidential communications to analyze the statute is misplaced because the legislature is not referring to the law of privilege, waiver, or confidential communications in these statutes.
Thus, the protected documents under 147.135[7] are not discoverable or admissible in any proceeding. Furthermore, I believe it is the obligation of the possessor of the protected documents to preserve the confidentiality of those documents, even if the documents will support the position of the possessor of the protected documents. By finding the legislature did not intend to incorporate the law of privilege, waiver, or confidential communications in section 147.135, the analysis becomes quite simple and straightforward. We should not complicate an area of the law the legislature made simple.

. In Day v. Finley Hospital, 769 N.W.2d 898, 901 (Iowa Ct.App.2009), the court of appeals broadly interpreted which materials are protected under 147.135. Neither party raises the correctness of Day's broad interpretation; therefore, we will leave that issue for another day.